# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:17-cv-07716-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

On September 17, 2014, Plaintiff applied for supplemental security income, alleging disability since June 15, 2014. Plaintiff's application was denied.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

(Administrative Record ["AR"] 68-71.) A hearing took place on October 6, 2016 before an Administrative Law Judge ("ALJ"), at which both Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. (AR 33-53.)

In a decision dated December 7, 2016, the ALJ found that Plaintiff suffered from the severe impairments of obesity and bipolar disorder. (AR 21.) As relevant here, the ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform simple and routine work with a reasoning level of two and with occasional contact with coworkers and the public. (AR 22.) Relying upon the testimony of the VE, the ALJ found that Plaintiff was capable of performing work existing in significant numbers in the national economy, including the occupations of marker, linen-room attendant, and stores laborer. (AR 26-27.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (AR 27-28.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-7), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUE**

1. Whether the ALJ properly evaluated the opinions of Drs. Chehrazi and Mallare in assessing Plaintiff's RFC.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402

U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

**I.  Relevant Evidence**

a.  Dr. Chehrazi

Avazeh Chehrazi, Ph.D., performed a consultative psychological evaluation of Plaintiff in December 2014. As part of her evaluation, Dr. Chehrazi conducted a mental status examination and also administered psychological tests. Dr. Chehrazi noted that Plaintiff's affect was dysphoric, her speech was low in volume and slow in rate and that her time and work pace were below average. Plaintiff's intellectual functioning was in the average range, and her memory was intact except for mildly diminished immediate memory. Plaintiff's attention and concentration span were moderately diminished. (AR 267-268.) In addition, Dr. Chehrazi noted Plaintiff's history of interpersonal difficulties and reported that Plaintiff presented as slightly socially inappropriate during the evaluation. (AR 269.)

Dr. Chehrazi diagnosed Plaintiff with probable bipolar disorder and gave her a global assessment of functioning ("GAF") score of 63. (AR 269.) She opined that with her continued "medication and regime," Plaintiff would have no difficulty carrying out short and simplistic instructions and no difficulty making simplistic work-related decisions without special supervision. However, Dr. Chehrazi opined that Plaintiff would have moderate difficulty complying with job rules such as safety and attendance, moderate difficulty maintaining persistence and pace in a normal workplace setting, and moderate difficulty interacting appropriately with supervisors, coworkers and peers on a consistent basis. (AR 269.)

### b. Dr. Mallare

State agency physician L. Mallare, M.D., reviewed Plaintiff's medical record and concluded that she suffered from a severe medical impairment, namely affective disorder. Dr. Mallare's conclusions were similar to those of Dr. Chehrazi. For example, Dr. Mallare opined that Plaintiff retained the ability to understand, remember, and carry out short and simple instructions and had no limitations in making simple work-related decisions. (AR 63.) Also like Dr. Chehrazi, Dr. Mallare opined that Plaintiff suffered from moderate difficulties in social functioning and moderate difficulties in maintaining concentration, persistence or pace. (AR 61.) More specifically, Dr. Mallare opined that Plaintiff was moderately limited in the following areas: the ability to maintain attention and concentration for extended period; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace with an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Furthermore, as relevant to the present case, Dr. Mallare opined that Plaintiff was moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors. (AR 63-64.)

## II. Relevant Law

Plaintiff contends that the ALJ erred in assessing her RFC because she failed to either adopt or provide sufficient reasons for rejecting the medical opinions of Drs. Chehrazi and Mallare. In particular, Plaintiff argues that the ALJ failed to address Dr. Chehrazi's opinion that Plaintiff is moderately limited in her ability to interact appropriately with supervisors and Dr. Mallare's similar opinion that Plaintiff is moderately limited in her ability to accept instruction and respond

appropriately to criticism from supervisors. (ECF No. 26 at 6.) According to Plaintiff, the ALJ erred by implicitly rejecting these physicians' opinions without providing adequate reasons for doing so. (ECF No. 26 at 7-8.)

A claimant's RFC is the most she can still do despite her limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)). In determining a claimant's RFC, the ALJ must consider all relevant evidence of record, including medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see* 20 C.F.R. § 404.1527(b). "Significantly, unless an ALJ expressly rejects a particular medical opinion, he must consider its findings when crafting the claimant's RFC." *Gamache v. Colvin*, 2014 WL 5511210, at *1 (C.D. Cal. Oct. 31, 2014) (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). To reject the opinion of an examining physician, even if that opinion is contradicted, an ALJ must provide specific and legitimate reasons that are supported by substantial evidence. *Lester*, 81 F.3d at 830-831. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

## III. Analysis

In reaching her RFC determination, the ALJ considered the opinions of both Dr. Chehrazi and Dr. Mallare. The ALJ explained:

> Based on her clinical findings and observations, Dr. Chehrazi opined that [Plaintiff's] bipolar disorder caused moderate limitation in [Plaintiff's] ability to perform a variety of work-related activities, such as complying with job rules (e.g., safety, attendance, etc.); maintaining persistence and pace in a normal workplace setting; and interacting appropriately with supervisors, coworkers, and peers on a consistent

| | |
|---|---|
| 1 | basis. She opined [Plaintiff's] bipolar disorder caused no more than mild |
| 2 | limitation in [Plaintiff's] ability to understand, remember, and carry out |
| 3 | both simple and complex instructions; making simplistic work-related |
| 4 | decisions without supervision; and responding to changes in a normal |
| 5 | workplace setting. L. Mallare, M.D., a State agency medical consultant, |
| 6 | opined [Plaintiff] could understand, remember, and carry out simple |
| 7 | work-related tasks in a work setting with reduced social contact. Dr. |
| 8 | Mallare opined [Plaintiff] could adapt to the requirements of simple |
| 9 | work. These opinions are deserving of significant probative weight |
| 10 | because they are largely consistent both with each other and with the |
| 11 | objective medical evidence, which shows a history of bipolar disorder, |
| 12 | as well as depressed mood, but otherwise mostly normal cognitive, |
| 13 | expressive, intellectual, receptive, and social functioning. Dr. Chehrazi |
| 14 | had the opportunity to examine [Plaintiff] personally, while Dr. Mallare |
| 15 | had the opportunity to review and consider the relevant documentary |
| 16 | evidence, which lends their opinions additional probative weight. |
| 17 | Further, as a psychologist and a psychiatrist, respectively, Dr. Chehrazi |
| 18 | and Dr. Mallare have knowledge, training, and a perspective that could |
| 19 | reasonably be expected to give them greater insight into the limitations |
| 20 | imposed by [Plaintiff's] mental impairments. |

(AR 25.)

The ALJ then determined that Plaintiff retained a RFC for (a) simple, routine work, requiring a reasoning level no higher than two and (b) work involving no more than occasional contact with coworkers or the public. (AR 22.) Although the ALJ purported to give significant weight to the opinions of Dr. Chehrazi and Dr. Mallare, she did not incorporate the specific limitations regarding Plaintiff's ability to interact with supervisors into her RFC assessment. The ALJ mentioned this limitation as contained in Dr. Chehrazi's report, but she did not note that Dr. Mallare reached the

same conclusion. The ALJ's failure to either include these limitations in Plaintiff's RFC or provide legally sufficient reasons for rejecting them requires remand. *See Bain v. Astrue*, 319 F. App'x 543, 546 (9th Cir. 2009) (remanding where the ALJ failed to either discredit or incorporate the limitations enumerated by the state agency consultant, including that the opinion that claimant was moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors); *Rodriguez v. Colvin*, 2017 WL 1246328, at *5 (C.D. Cal. Apr. 5, 2017) (remanding where ALJ purported to give great weight to physician's opinion, but failed to incorporate "or account for" physician's opinion that claimant was moderately limited in, among other things, the ability performing activities within a schedule and maintaining regular attendance); *Palleschi v. Colvin*, 2016 WL 7261400, at *5 (C.D. Cal. Dec. 15, 2016) (remanding where ALJ failed to adopt or provide adequate reasons for rejecting physician's opinion that claimant was moderately limited in the ability to interact with supervisors and respond to work pressure, "especially after giving 'great weight' to [the physician's] opinions generally").

    The Commissioner argues that the ALJ's limitation to simple, routine work and only occasional contact with coworkers and the public adequately "accommodated" all of Plaintiff's limitations. (ECF No. 28 at 4.) Contrary to the Commissioner's suggestion, an inability to appropriately interact with or respond to criticism from supervisors is distinct from an inability to interact with either coworkers or the public. Indeed, the Social Security regulations treat the abilities to respond appropriately to "supervision" and to get along with "coworkers" as separate aspects of the "basic mental demands" of unskilled work, noting that the "substantial loss of ability to meet" any basic mental demand could "severely limit the potential occupational base." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see SSR 85-15 at *4. *See Palleschi*, 2016 WL 7261400, at *5 (rejecting argument that ALJ's RFC limiting claimant's interaction with coworkers effectively accounted for claimant's

limited ability to interact with supervisors); *Hunter v. Colvin*, 2015 WL 501466, at *1 (C.D. Cal. Feb. 5, 2015) (RFC limiting claimant's contact with the public did not account for physician's opinion that claimant was limited in ability to interact with co-workers and supervisors). To the extent that *Gann v. Berryhill*, 2018 WL 2441581, at *11 (E.D. Cal. May 31, 2018), is construed as holding to the contrary, the Court finds it unpersuasive.

Next, the Commissioner argues that the medical record supports the ALJ's RFC determination, pointing out that Dr. Renee Sabshin's treatment notes reflect unremarkable findings. (ECF No. 28 at 4-5.) As an initial matter, the Commissioner does not point to records indicating that Dr. Sabshin reached an opinion contrary to the opinions of Drs. Chehrazi and Mallare. Yet even assuming Dr. Sabshin did so, the ALJ did not purport to rely upon it – or any other evidence – to reject the opinions that Plaintiff was moderately limited in her ability to interact with supervisors. The Court may not consider reasons for rejecting an expert opinion that were not articulated by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc).

Finally, the Commissioner contends that any error was harmless. According to the Commissioner, Plaintiff has failed to demonstrate that a limitation on the ability to interact with supervisors would preclude her from performing the jobs identified by the VE. In support of this argument, the Commissioner discusses the tasks required by each of those three jobs as defined by the Dictionary of Occupational Titles ("DOT") and urges that none require significant interaction with supervisors. (ECF No. 28 at 5-6.)

The Commissioner's argument, however, is based upon speculation. Absent testimony from the VE (or some other evidence) about these jobs, the Court cannot conclude that Plaintiff could perform them despite the moderate limitations discussed above. In sum, the ALJ's determination that Plaintiff could perform jobs existing in the national economy hinged on an RFC that failed to account for the opinions of

Drs. Chehrazi and Mallare. (*See* AR 49-50.) Consequently, the ultimate determination of non-disability was based upon legal error.

**REMEDY**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[2]

///

IT IS THEREFORE ORDERED that Judgment be entered reversing the

---

[2] It is not the Court's intent to limit the scope of the remand.

decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 12/11/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE